UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patrick Cross,<br><br>          Plaintiff,<br><br>v.<br><br>West Coast Center, LLC d.b.a Green World Pro, Yossi Ohayon, and/or Imane Haddada a.k.a. Imane Bytton,<br><br>          Defendants. | Case No.: 17-cv-1076-AJB-BGS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**(Doc. No. 8)** |

Before the Court is plaintiff Patrick Cross's motion for default judgment against defendants West Coast Center, LLC d.b.a Green World Pro, Yossi Ohayon, and/or Imane Haddada a.k.a. Imane Bytton. (Doc. No. 8.) For the reasons set forth herein, Cross's motion for default judgment is **GRANTED**.

## I. BACKGROUND

Cross brought this suit after defendants called his cellular phone using an "automatic telephone dialing system" after he "registered his phone on the National Do Not Call List Registry." (Doc. No. 8 at 4.) Cross never gave defendants consent to call his cell phone. (*Id.*) Cross also had no business with defendants. (*Id.*) After filing suit and effecting service, defendants failed to answer. (*Id.*) Accordingly, the Court Clerk entered default against defendants. (Doc. No. 7.) Cross now moves the Court to award damages.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the Court considers the following factors, commonly referred to as the *Eitel* factors: (1) "the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citation omitted).

Generally, once the court clerk enters default, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992), *superseded by statute on other grounds*, Pub. L. No. 100-702, 102 Stat. 4669.

## III.  DISCUSSION

Cross's only claim is for a violation arising under the TCPA. Cross's motion discusses each of the *Eitel* factors.

### 1. Possibility of Prejudice to the Plaintiff

There is a possibility of prejudice to a plaintiff when denying default judgment would leave them without an alternate recourse for recovery. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Cross argues he would be significantly

prejudiced if he were not allowed the right to judicial resolution of his claims. (Doc. No. 8 at 8.) The Court agrees with his reasoning that "[i]n the absence of a default judgment, Plaintiff will be severely prejudiced because he will not be allowed to litigate his claims and will be effectively denied all relief." (*Id.* at 6.) Thus, this factor weighs in favor of granting Cross default judgment.

### 2. Substantive Merits and Sufficiency of Claim

Under the second and third *Eitel* factors, the Court must examine whether the plaintiff has pled facts sufficient to establish and succeed on its claims. *See Eitel*, 782 F.2d at 1471. These factors require the complaint "state a claim on which the plaintiff may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. Cross argues he has stated a prima facie claim under the TCPA for both a willful and a negligent violation.

Under the TCPA, Cross must establish that (1) the phone calls were made using an automatic telephone dialing system ("ATDS"); (2) he was the "called party;" and (3) that defendants did not have Cross's prior consent to make the calls. 47 U.S.C. § 227(b)(1)(A)(iii); *Meyer v. Portfolio Recovery Associates, LLC*, 77 F.3d 1036, 1043 (9th Cir. 2012).

Under the first element, Cross sufficiently alleged defendants' call to him was made using an ATDS. (Doc. No. 1 ¶ 17.) Regarding the second element, Cross alleges he is the "called party" because the phone number defendants dialed belonged to him. (*Id.* ¶¶ 15, 17–19.) As for the last requirement, Cross alleges he never gave defendants consent to contact him and his number was on the Do Not Call list. (*Id.* ¶¶ 16, 24–25.) Thus, the Court finds Cross pled sufficient facts to succeed on his TCPA claim.

### 3. Sum of Money at Stake

"[T]he court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions. *See Totten v. Hurrell*, No. 00–2718, 2001 U.S. Dist. LEXIS 20259, at *2 (N.D. Cal. Nov. 28, 2001) (stating that "the 'sum of money at stake' factor [under *Eitel*]

3

17-cv-1076-AJB-BGS

is meant to focus on the size of the award requested, as courts are hesitant to enter default judgments where large sums of money are at stake," and finding an award of $19,977.74 not a "large money judgment" in today's world).

Cross requests $1,500 in treble damages for the intentional violation. (Doc. No. 1 at 11–12.) "If the court finds that the defendant willfully or knowingly violated" the TCPA, it may award treble damages. 47 U.S.C. § 227(b)(3)(C). Yet, here, defendants' willfulness is only meekly pled. Cross only alleges conclusory facts regarding defendants' willfulness. (Doc. No. 1 ¶ 55 ("The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA. . . .").) The only fact Cross includes that could go to willfulness is the fact that his phone number was placed on the National Do Not Call Registry. However, Cross fails to cite any case law in his motion stating that placement on the Registry alone constitutes prior knowledge and it is unclear if willfulness can be inferred from his Registry placement. While it is true that even a single, non-consented to phone call violates the TCPA, there must be something more than just the single call to constitute willfulness, otherwise every violation of the TCPA would be per se willful. Questions the complaint failed to answer include whether defendants had prior knowledge of his phone number's registration on the Do Not Call List and whether defendants even had a duty to check.

One Court defines a willful violation as when a "Plaintiff notifies Defendant to stop calling and Defendant disregards the request." *Sapan v. Authority Tax Services, LLC*, Civil No. 13cv2782 JAH (JLB), 2014 WL 12493282, at *2 (S.D. Cal. July 15, 2014). However, here, defendants only called Cross once. That Court stated "[t]he purpose of the TCPA is for defendants' to prevent repeated, unwanted telemarketing calls by honoring do-not-call requests." Other Courts have acknowledged a split in authority as to "what predicate conduct is required before a treble damages awar[d] be issued." *J2 Global Communications, Inc. v. Blue Jay Inc.*, No. C 08-4254 PJH, 2009 WL 4572726, at *7 (N.D. Cal. Dec. 1, 2009) (noting the split is between (1) whether the defendant needs knowledge that their conduct violated the law and (2) whether that merely sending the

unsolicited communication was enough, even if the defendant had no knowledge it was breaking the law).

Here, the Court simply cannot find enough in the complaint to support a finding that defendants acted willfully or knowingly violated the law. Unlike cases in which Courts have trebled damages after plaintiff requested communications cease—but was still contacted dozens of times—here, defendants only called Cross the one time; and it is not readily apparent whether that call was done willfully. *See Sapan*, 2014 WL 12493282 at *3 (finding plaintiff sufficiently pled recovery of trebled damages when defendant made 72 phone calls without consent and while plaintiff's number was registered on the Do Not Call List).

Finally, Cross fails to make any argument in his default judgment motion as to why trebled damages should be awarded. (Doc. No. 8.) Cross argues the facts of his complaint were "deemed admitted by virtue of the clerk's Entry of Default," (*id.* at 8), however, that is true except as to those facts relating to damages. *PepsiCo*, 238 F. Supp. 2d at 1177. Because Cross did not prove willfulness, the Court denies an award of trebled damages to plaintiff and instead awards the statutory minimum of $500 as a reasonable sum.

### 4. Possibility of Dispute Concerning Material Facts

The next pertinent *Eitel* factor considers whether there are disputed material facts. "Upon entry of default, all well pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177. Here, Cross has alleged sufficient facts to support its claims as analyzed above. Moreover, because defendants failed to participate in litigation, the clerk entered default against it, submitting all well pleaded facts as true. Thus, there is no dispute of material facts and this factor favors the entry of default judgment against defendants.

### 5. Excusable Neglect

There is no indication that defendants allowed its default to be taken as a result of excusable neglect. After being served with the complaint, defendants simply failed to respond or even participate in defending itself. The Court simply has nothing to support a

finding that defendants' neglect was excusable. Consequently, this factor weighs in favor of the entry of default judgment.

### 6. Policy Favoring Decisions on the Merits

Although default judgment is disfavored, a decision on the merits is impractical, if not impossible, when the defendant takes no part in the action. *Penpower Technology Ltd. v. S.P.C. Technology*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Given that defendants have failed to respond, the general preference for resolution on the merits is not equally applicable. *See, e.g.*, *id*. In sum, the relevant considerations weigh in favor of entry of default judgment against defendants.

### IV. CONCLUSION

For the reasons set forth above, the Motion for Default Judgment against defendants, (Doc. No. 8), is **GRANTED**. The Court awards $500. The Clerk is directed to enter judgment consistent with this order.

**IT IS SO ORDERED**.

Dated: April 30, 2018

Hon. Anthony J. Battaglia
United States District Judge